UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONTENT IQ, LLC                         Case No.
              Plaintiff,

      -against-                           **COMPLAINT**

EARTH.COM, INC.
              Defendant

---

Plaintiff Content IQ, LLC, by its attorneys, Bernstein Cherney LLP, for its Complaint herein, allege as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Content IQ, LLC ("CIQ") is a limited liability company organized pursuant to the laws of the State of New York, and maintaining its principal place of business at 1 World Trade Center 77th floor, Suite A, New York, NY 10007

2. Upon information and belief, Earth.com, Inc.("Earth") is a corporation formed in a state other than New York and maintaining its principal place of business at 473.5 West Colorado Avenue, Telluride, Colorado.

3. There is more than $75,000.00 in controversy and thus subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332 (a).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(3) and (c)(3) and pursuant to the agreement of the parties.

## FACTS

5. CIQ is a digital publishing company which distributes news, information, and entertainment articles on a series of internet sites (the "Internet Sites").

6. In connection with such activities, CIQ contracts with third-party entities, which provide and deliver advertising to the Internet Sites, at rates negotiated between CIQ and such third parties, with fees payable based upon the number of viewable impressions or clicks for such advertisements.

7. Beginning in June 2021, CIQ and Earth entered into a series of agreements ("Agreements"), pursuant to which CIQ agreed to drive traffic to Earth's properties utilizing CIQ's traffic acquisition expertise, proprietary technological abilities and tracking and analytic tools (the "**Services**").

8. Each of the Agreements included an agreed upon budget reflecting the amount Earth agreed to pay for the Services.

9. The initial Agreement entered into by CIQ and Earth, dated June 7, 2021, reflected an agreed upon budget of $10,000.00 budget for the Services (A copy of the June 7, 2021 Agreement is annexed hereto as Exhibit "A").

10. An Agreement between Content IQ and Earth dated November 3, 2021, reflected an increased budget of $60,000.00. (A copy of the November 3, 2021 Agreement is annexed hereto as Exhibit "B").

11. An Agreement between CIQ and Earth dated December 6 and 13, 2021, reflected an agreed upon budget of $100,000.00 for the Services. A copy of the December 6 and 13, 2021 Agreement is annexed hereto as Exhibit "C").

12. An Agreement between CIQ and Earth dated January 6 and 13, 2022 reflected an agreed upon budget of $60,000.00 for the Services. A copy of the January 6 and 13, 2022 Agreement is annexed hereto as Exhibit "D").

13. An Agreement between CIQ and Earth dated March 3, 2022, reflected an agreed upon budget of $60,000.00 for the Services. A copy of the March 3, 2022 Agreement is annexed hereto as Exhibit "E").

14. An Agreement between CIQ and Earth dated April 5 and 13, 2022, reflected an agreed upon budget of $200,000.00 for the Services. A copy of the April 5 and 13, 2022 Agreement is annexed hereto as Exhibit "F").

15. An Agreement between CIQ and Earth dated May 6, 2022, reflected an agreed upon budget of $100,000.00 for the Services. A copy of the May 6, 2022 Agreement is annexed hereto as Exhibit "G").

16. In consideration for CIQ's Services, each of the Agreements provided that Earth would pay CIQ on a cost-plus basis comprised of media costs plus a fixed margin.

17. Each of the Agreements was signed on behalf of Earth by Eric Ralls as CEO.

18. Each of the Agreements provided that Earth would deliver payment on a NET45, meaning payment would be delivered within forty-five (45) days following receipt of an invoice from CIQ.

19. Each of the Agreements provided that it would be governed by the laws of the State of New York, without regard to its conflict of law provisions, and any such claims, litigations and proceedings would be brought solely in the courts of New York.

20. CIQ performed all the Services that it agreed to perform pursuant to the Agreements.

21. CIQ rendered invoices (the "Invoices") to Earth for the Services on a monthly basis. (Copies of the Invoices rendered to Earth by CIQ are annexed hereto as Exhibit "H").

22. Although Earth delivered some of the payments due to CIQ, Earth has failed to pay CIQ, in full, the amounts due under the Invoices.

23. To date, Earth has failed to pay the amount of $24,186.08, which was due and payable on January 14, 2022 pursuant to an Invoice dated November 30, 2021.

24. To date, Earth has failed to pay the amount of $52,317.44, which was due and payable on February 14, 2022 pursuant to an Invoice dated December 31, 2021.

25. To date, Earth has failed to pay the amount of $17,071.04, which was due and payable on March 17, 2022 pursuant to an Invoice rendered on January 31, 2022.

26. To date, Earth has failed to pay the amount of $58,757.54, which was due on April 14, 2022 pursuant to an Invoice dated February 28, 2022.

27. To date, Earth has failed to pay the amount of $124,209.12, which was due on May 15, 2022 pursuant to an Invoice dated March 31, 2022.

28. To date, Earth has failed to pay the amount of $43,377.60, which was due on June 14, 2022 pursuant to an Invoice dated April 30, 2022.

29. To date, Earth has failed to pay the amount of $53,537.12 which was due on July 15, 2022 pursuant to an Invoice dated May 31, 2022.

30. Earth has failed to pay a total of $373,455.84, due and payable to CIQ pursuant to the Agreements.

31. Earth has repeatedly failed and refused to pay the amount owed to CIQ despite repeated demands.

32. On May 5, 2022, Earth's CEO Ralls wrote to CIQ, claiming that he believed payments due to CIQ had inadvertently been sent to a different party. (A copy of Ralls' May 5, 2022 email is annexed hereto as Exhibit "I").

33. Mr. Ralls' May 5, 2022 email to CIQ claimed that Earth expected to enter into a factoring arrangement within the following week, which would provide funds for payment to CIQ.

34. In his May 5, 2022 email, Ralls also offered to provide his personal guarantee to CIQ for ten (10) days, until a factoring arrangement could be finalized.

35. Despite his promise to do so, Ralls never delivered a personal guaranty to CIQ.

36. Ralls continued to claim he had arranged payment, claiming, falsely, that funds had been wired to CIQ. On May 23, 2022, Ralls again wrote to CIQ, this time claiming that he did not wish to enter into a factoring arrangement and was instead pursuing different financing avenues with two "partners" and expected to have a solution that would enable Earth to pay the delinquent Invoices within a week. (A copy of Ralls' May 23, 2022 email and preceding correspondence is annexed hereto as Exhibit "J").

37. Despite these promises from Ralls, Earth did not pay the arrears owed to CIQ.

38. On June 9, 2022, counsel for CIQ wrote to Ralls, demanding payment of the arrears owed to CIQ within five (5) business days. (A copy of the CIQ demand letter is annexed hereto as Exhibit "K").

39. Ralls failed to respond to the Demand Letter. Instead, on June 10, 2022, he sent an email to CIQ stating that Earth had received a term sheet for financing sufficient to pay its current debts and fund up to $500,000 a month in advertising spending and that he was "pushing" to close that financing by June 24, 2022. A copy of Ralls' June 10, 2022 email is annexed hereto as Exhibit "L").

40. Despite these promises, Earth has not to date delivered any further payments to CIQ under the Agreements.

## FIRST CAUSE OF ACTION
(Breach of Contract)

41. CIQ repeats and reiterates each and every allegation set forth at paragraphs 1 through 40 as if fully set forth hereat.

42. The Agreements constituted valid contracts between CIQ and Earth.

43. CIQ performed each of its obligations under the Agreements.

44. Earth breached its Agreements with CIQ by failing to deliver payment in accordance with the terms of the Agreements or at any time thereafter.

45. CIQ has been damaged by Earth's breach of the Agreements in the amount of at least $373,455.84.

## SECOND CAUSE OF ACTION
(Breach of the Covenant of Good Faith and Fair Dealing)

46. CIQ repeats and reiterates each and every allegation set forth at paragraphs 1 through 45 as if fully set forth hereat.

47. CIQ and Earth are parties to contracts.

48. Included in those Agreements is an implied duty of good faith and fair dealing.

49. Earth has breached this duty by failing to deal with CIQ in good faith and by acting to injure CIQ.

50. Earth has breached this duty by repeatedly promising to pay CIQ based upon imminent financings and then failing to do so.

51. CIQ has been damaged by Earth's breach of its duty to CIQ in an amount to be determined at trial, of at least $373,455.84.

WHEREFORE, Plaintiff respectfully requests the Court award judgment:

1. On the First Claim for Relief, in the amount of at least $373,455.84, plus any additional sum that the finder of fact deems appropriate.

2. On the Second Claim for Relief, in the amount of at least $373,455.84, plus any additional sum that the finder of fact deems appropriate.

3. Awarding CIQ its costs and disbursements; and

4. Granting such other and further relief, in law or equity, as the Court deems just and proper.

Dated: September 6, 2022

BERNSTEIN CHERNEY LLP

By: /s/ Hartley T. Bernstein
955 Park Avenue, 5 West
New York , N.Y. 10028
Phone: (212) 381-9684
Fax: (646) 304-9535
hbernstein@bernsteincherney.com
Attorneys for Plaintiffs